### DENZER v TERPSTRA

Ohio Appeals, 3rd Dist, Crawford Co

No 1321. Decided Jan 22, 1934

W. J. Schwenck, Bucyrus, for plaintiff in error.

Charles F. Schaber, Bucyrus, for defendant in error.

## OPINION

By GUERNSEY, J.

There are twelve assignments of error in the petition in error, but in the briefs filed by plaintiff in error only the following errors are pointed out, which, under the statute, §12248, **GC,** and rules of practice of this court will be the only ones considered, to-wit:

First: The verdict of the jury is contrary to the weight of the evidence.

Second: The court erred in the admission of evidence offered by the plaintiff over the objection of defendant.

Third: The court erred in its charge generally, and erred in its charge to the jury including instructions on wilful and wanton negligence when no issue was raised either by the pleadings or the evidence.

The alleged errors will be considered in the order mentioned.

We have carefully read the record and from such reading find that the verdict of the jury is not contrary to the weight of the evidence but is supported by ample evidence.

The defendant contends that the court erred in admitting the testimony of Charles F. Michael a witness on behalf of the plaintiff, as to his observation of tire tracks on the highway at and near the scene of the collision, at about eight o'clock in the morning following the collision which occurred about seven-fifteen the preceding evening. He contends, first, that the testimony was inadmissible because the examination by Michael of the tire tracks was too remote from the time of the collision; and, secondly, that Michael's testimony as to the tracks was based on information given him by Mr. Paul, which was not in evidence in the case, as to the location of defendant's car after the collision.

As to the first contention, the remoteness in time, goes to the weight of the evidence and not to competency, and the evidence was therefore admissible.

As to the second contention, the defendant himself testified as to his automobile being partly on the berm and partly on the paved portion of the east side of the road after the accident and of his driving the same from that location into the driveway north of the mail box. These are the locations from which the witness Michael traced the tracks, which he stated were the only tracks going from one location to the other, and the location being admitted by the defendant, the testimony of the witness was competent irrespective of the fact that he had secured his information as to the location of the defendant's car, from Paul. We therefore find there was no error in the admission of this testimony.

The defendant contends that the following part of the general charge of the court appearng at page 130 of the bill of exceptions, was erroneous, to-wit:

"The court charges you, members of the jury, that if you find any of these acts of negligence complained of in the petition to have been wilfully done, and by wilfully is meant intentionally done, then as to that act, that wilful act, any acts of negligence —contributory negligence—would not be a defense and as to that, if you so find, any wilful negligence, the contributory negligence of the plaintiff, if you find he was guilty of contributory negligence, as I have explained it to you, would not defeat his recovery."

In his petition the plaintiff assigned a number of acts of negligence which he alleged were wilful on the part of the defendant. There is no proof that the defendant was driving his automobile at a rate of speed in excess of forty five miles per hour as alleged in the petition, but there is evidence tending to show negligence on the part of the defendant in his failure while operating his car on the highway, to have headlights in operation in conformity with the requirements of the statute, his failure to stop his car when he observed the plaintiff riding toward him on horseback on a lunging horse on the highway, and that the defendant was negligent in driving on the wrong side of the highway at the time the collision occurred; and from other facts in evidence as to the darkness of the night and the condition of the lights on defendant's car, the traffic conditions on the highway and other circumstances surrounding the collision, the jury was authorized to infer other negligent acts or omission on the part of the defendant charged in the petition.

In the case of **Higbee Company v Jackson, etc., 101 Oh St 75,** in sub-division four of the syllabus it is held:

"The simple violation of the statute or ordinance does not of itself constitute wilful and wanton negligence. The question whether there was such negligence, and if so whether it was the proximate cause of the injury in a particular case, is one of fact to be determined by the jury in the light of all the facts and circumstances shown by the evidence under proper instructions."

The statement of facts in that case, so far as the charge of wanton negligence is concerned, is as follows:

A driver for the defendant, The Higbee Company, at a crossing of Euclid Avenue, gave the plaintiff who was an infant about fourteen years of age, and a companion, permission to ride on the truck of the defendant driven by him. The plaintiff and his companion got on the running board, the plaintiff standing near the driver, on the left side, holding onto the windshield and seat. While in this position the driver increased the speed of the truck to some

thirty five miles an hour. He overtook a touring car ahead of him which had passed him a short distance before, going in the same direction. After slacking his speed he turned his truck onto the wrong, or the south, side of the road, directly in the course of and meeting a horse and wagon, which was being driven easterly. The horse and wagon were rightfully and properly near the curb on the south side. The truck struck and crushed the wagon and jammed the boy and seriously injured him. The speed of the truck and its position in the street was conceded to have been a violation of the statute and of an ordinance of the city.

The Supreme Court in this case held that these facts presented an issue of wanton negligence for submission to the jury.

In the sixth sub-division of the syllabus of the case of **Payne, Director General v Vance, 103 Oh St 59**, it is held:

"Wilful tort is not shown by proving a simple violation of a statute or ordinance unaccompanied by the intent or purpose to do injury after knowledge of danger, or failure after such knowledge to use ordinary care to avoid injury."

Under these authorities, the failure of the defendant to comply with the statutory provisions as to headlights would not, unaccompanied by other acts of negligence, constitute a wilful tort authorizing a charge on the subject, although the petition charged wilful tort. However, in the case at bar, giving full force and effect to the evidence and reasonable inferences arising therefrom, the failure of the defendant to maintain proper headlights was accompanied by his driving on the wrong side of the road, the operation of his car at such a speed that he was unable to stop within the assured clear distance ahead, that is, within the range of visibility of the rays of light cast by his headlights, all on a very dark night on a much traveled public highway and at a time when there was heavy traffic on the highway, so it is necessary to determine, whether with these additional facts and circumstances, an issue of wilful negligence was presented.

In the Higbee case, above mentioned, it is held in the third sub-division of the syllabus, that:

"To constitute wanton negligence it is not necessary that there should be ill-will toward the person injured, but an entire absence of care for the safety of others, which exhibits indifference to consequences, establishes legal wantonness. Such a mental attitude distinguishes wrongs caused by wanton negligence from torts arising from mere negligence."

And in the third sub-division of the syllabus in the case of **Payne, Director General v Vance, 103 Oh St 59**, it is held:

"Wilful tort involves the element of malice or ill-will, but it is not necessary to show actual malice or ill-will. It may be shown by indifference to the safety of others after knowledge of their danger, or failure after such knowledge to use ordinary care to avoid injury."

The words "wilful" and "wanton" as applied to negligence are frequently used synonomously by the courts, and appear to have been used in this manner in the foregoing decisions, so it is apparent that either an "entire absence of care for the safety of others, which exhibits indifference to consequences" or "indifference to the safety of others after knowledge of their danger, or failure after such knowledge to use ordinary care to avoid injury" establishes wilful negligence.

A striking example of wilful tort, or wilful negligence, mentioned in the opinion in the Payne case is that of a man driving an excited horse at a fast speed down a crowded street on a festival day, and neither this act nor the act of the driver in the Higbee case, would appear to be more reprehensible than the conduct of the driver of the automobile in the instant case in driving without proper headlights on a very dark night on a much traveled highway in heavy traffic on the wrong side of the highway and at a speed at which it was impossible for him to stop his car within the range of visibility of the rays of light cast by his headlights, and consequently we are of the opinion that in the instant case an issue of wilful negligence was presented for submission to the jury and that it was not error for the court to charge on the subject.

The charge as given, was incorrect as "wilfully done" was defined as "intentionally done" which required a much higher degree of proof than would have been required to establish wilful negligence under the authorities above mentioned.

While the charge in this respect was erroneous, it was more favorable to the defendant than it would have been if the charge had been correctly given, and the facts of the case being such as to warrant a charge on the subject of wilful negligence,

the defendant was not prejudiced by the charge being more favorable to him than it would have been if correctly charged.

For the reasons mentioned, we are of the opinion that the submission of this part of the general charge was not prejudicial error.

The defendant further contends that that part of the general charge of the court appearing at page 124 of the bill of exceptions, to the effect that the violation of §12603-1, GC, is negligence per se, was erroneous.

It seems clear from the following recent decisions of the Supreme Court, in the case of **Skinner v The Pennsylvania Railroad Company, 127 Oh St 69,** Ohio Bar, August 28, 1933; and **Morris v Bloomgren, Ohio Law Abtstract, July 8, 1933,** that this charge was proper.

The defendant further contends that the following part of the general charge of the court appearing at page 127 of the bill of exceptions, was erroneous:

"In considering the question whether or not the driver used ordinary care in avoiding the danger, or dangers, if any there were, incident to the condition of the traffic on the highway, and lightness or darkness, the jury must bear in mind that the conduct of the driver must be measured not from the time he actually discovered the danger, but from the time when in the exercise of ordinary care he should have discovered the, danger."

We are of the opinion that this portion of the charge considered with the balance of the charge, was not erroneous, as the driver was under obligation at all times to exercise ordinary care, and this portion of the charge amounts only to an exemplification of that rule.

We are further of the opinion that the verdict and judgment are fully supported by the evidence, and that if the charge on wanton and wilful negligence was not warranted by the evidence, the jury were not misled nor confused thereby, and pursuant to the provisions of §11364, GC, we have, on examination of the entire record in the case, determined that substantial justice has been done to the party complaining, as shown by the record, and direct that certificate thereof be made in the entry.

**Toledo, Columbus & Ohio River R. R. Co. et v Miller, 108 Oh St 388.**

**Hoare v City of Cleveland, 126 Oh St 625.**

Holding these views, the judgment of the lower court is affirmed.

KLINGER, J, concurs.
CROW, PJ, dissents.

## DISSENTING OPINION

By CROW, PJ.

That one may, while committing negligence in consequence of the violation of a statute or ordinance, also commit wilful or wanton tort, (sometimes also termed wilful or wanton negligence) is a sound proposition of law. But in the instant case, the only evidence tending to prove even negligence of defendant, was in his driving the car without the lights required by statute and in driving from the right side of the road over onto the left side, in violation of another statute.

There is in my opinion no evidence whatsoever tending to prove wilful or wanton misconduct on the part of the defendant, that is, intentional wrongdoing to plaintiff or such acts on defendant's part as necessarily bespeak a conscious disregard of consequences.

To charge an issue, not supported by any proof, as the court did in submitting the subject of wilful or wanton misconduct, is under numerous decisions of the Supreme Court of Ohio, reversible error.

Whether an error such as the one here present, namely charging on an issue not supported by any evidence, requires reversal of the judgment, can not be determined by the weight of the evidence. The principle applied in **25 Oh St 50,** should be observed.

I therefore dissent from the decision of the majority.